OPINION
Appellant, Michael O. Beamon, is appealing from an August 29, 2000 judgment entry of the Lake County Court of Common Pleas sentencing him to a term of twelve months in the Lorain Correctional Institution.
On August 2, 1999, appellant was indicted on one count of trafficking in a counterfeit controlled substance in violation of R.C. 2925.37, and one count of trafficking in cocaine, a violation of R.C. 2925.03. On September 20, 1999, appellant filed a motion to suppress evidence. A suppression hearing was held on October 20, 1999, and the trial court denied appellant's motion on October 22, 1999.
A jury trial was held on December 6, 1999. Appellant was found not guilty of trafficking in a counterfeit controlled substance and guilty of trafficking in cocaine. Appellant filed motions for a new trial and to set aside the verdict on December 20, 1999. The trial court overruled both motions on January 21, 2000. Appellant was sentenced to three years of community control sanctions on February 2, 2000.
On August 2, 2000, appellant was discharged from the Northeast Ohio Community Alternative Program. The discharge constituted a violation of the terms of appellant's community control sanctions. Appellant waived a probable cause hearing, and on August 23, 2000, a sentencing hearing was held. The trial court sentenced appellant to serve a term of one year in prison. Pursuant to R.C. 2929.14(A)(5), a term of one year is the maximum sentence for a felony of the fifth degree. Appellant was given two hundred and twenty-four days credit for time served. The record reflects that appellant was conveyed to Lorain Correctional Institution on September 1, 2000.
Appellant has filed a timely appeal and makes the following assignment of error:
 "[1.] The [t]rial [c]ourt erred to the prejudice of [appellant] when it sentenced [him] to the maximum term of one year for the offense of [t]rafficking in [c]ocaine, a felony of the fifth degree. "
 Appellant raises two issues in connection with this assignment of error: (1) because he had not previously served a prison term, pursuant to 2929.14(B), appellant should not have been sentenced to more than the minimum prison term; and (2) the maximum sentence should not have been imposed because appellant did not commit the worst form of the offense as required by R.C. 2929.14(C). In the opinion of this court, these issues are moot.
The trial court, in its August 29, 2000 judgment entry, ordered that appellant be conveyed to the Lorain Correctional Institute. Because appellant was given two hundred twenty-four days credit for time served, he had only one hundred forty-one days remaining on the one-year sentence imposed by the trial court. As appellee notes in its brief, appellant never moved for a stay of execution, so he began serving his sentence on September 1, 2000. Therefore, he should have served his full sentence before the end of January 2001.
An appeal challenging a conviction is not moot even if the entire sentence has been served before the appeal is heard, because "[a] person convicted of a felony has a substantial stake in the judgment of conviction which survives the satisfaction of the judgment imposed upon him or her." State v. Golston (1994), 71 Ohio St.3d 224, paragraph one of the syllabus. However, this logic does not apply if appellant is appealing solely on the issue of the length of his sentence and not on the underlying conviction. If an individual has already served his sentence, there is no collateral disability or loss of civil rights that can be remedied by a modification of the length of that sentence in the absence of a reversal of the underlying conviction. Therefore, appellant's assertion that the trial court erred in determining the length of that sentence is a moot issue because appellant has already served his sentence, and no relief can be granted by this court subsequent to the completion of the sentence if the underlying conviction itself is not at issue. State v. Blivens (Sept. 30, 1999), Lake App. No. 98-L-189, unreported, 1999 WL 960955, at 2.[1]
Although appellant's assignment of error is moot, we would note that the trial court did not fully comply with the mandate of R.C.2929.19(B)(2)(d), which requires a trial court to "make a finding that gives its reasons for selecting the sentence imposed * * * [i]f the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14 of the Revised Code * * *."
At the August 23, 2000 sentencing hearing, the trial court did expressly address the factors set forth in R.C. 2929.12(D) and found that appellant had not responded favorably to previously imposed sanctions and had shown that he was not amenable to treatment. The trial court then further found that "the minimum sentence in this case would demean the seriousness of the offense and would not adequately protect the public." The court, however, did not state that the R.C. 2929.12(D) factors were determinative as to its finding that the minimum sentence would be inadequate. Therefore, the court did not fully comply with the requirement that it state its reasons for imposing more than the minimum sentence. In spite of the court's failure to conduct sentencing in accordance with R.C. 2929.19(B)(2)(d), because appellant's assignment of error is moot, his appeal is hereby dismissed sua sponte.
JUDGE DONALD R. FORD, O'NEILL, P.J., GRENDELL, J., concur.
[1] In Blivens, the appellant argued on appeal that the trial court abused its discretion in imposing the maximum sentence for a felony of the fifth degree.